# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-483V
Filed: January 25, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| MICOLOUS GRIFFIS *personal* | * | |
| *representative of the Estate of* LAVERN | * | |
| GRIFFIS, *deceased*, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.
Douglas Ross, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 11, 2015, Lavern Griffis filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Upon Ms. Griffis' death, Micolous Griffis ("petitioner") was substituted as petitioner and personal representative of Ms. Griffis' estate. Petitioner alleged that as a result of of receiving an influenza ("flu") vaccine on October 10, 2013, Ms. Griffis suffered Guillain-Barré Syndrome ("GBS"), transverse myelitis, and urinary retention and kidney failure, and that she subsequently died on May 7, 2015, as a result of her alleged vaccine-related injury. Stipulation for Award, filed Dec. 7, 2016, at ¶ 4. On December 7, 2016, the parties filed a stipulation in which they stated that a decision should be

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued that same day.

On January 10, 2017, petitioner filed a motion for attorneys' fees and costs, requesting $25,942.50 in attorneys' fees and $3,257.14 in attorneys' costs, for a total fees and costs request of $29,199.64. Petitioner's ("Pet.") Motion ("Mot.") at 1-2. In accordance with General Order #9, petitioner's counsel states that petitioner did not incur any costs related to the litigation of this matter. Id. at 2. Respondent filed a response to petitioner's application on January 25, 2017, stating that "[r]espondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response at 3.

### I. Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).

#### a. Hourly Rates

Petitioner requests a rate of $225 per hour for work performed by Mr. Paul Brazil from January 2014 to April 2016, $275 per hour for work performed by Mr. Brazil from May 2016 to January 2017, $225 per hour for work performed by Mr. Clark Hodgson in January 2017, and $125 per hour for paralegal work for the duration of the case. Pet. Mot. at 1-2; Pet. Mot., Ex. A.

Special Master Corcoran recently found that Muller Brazil was entitled to forum rates, and the requested rates are consistent with the rates awarded to Mr. Brazil and Muller Brazil paralegals in that case. See Colagreco v. Sec'y of Health & Human Servs., No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). The undersigned finds the requested rates reasonable.

### b. Hours Expended

Petitioner requests compensation for 79.70 hours of work performed by Mr. Brazil, 1.30 hours of work performed by Mr. Hodgson, and 39.70 hours of work performed by paralegals. Pet. Mot. at 1-2; Pet. Mot., Ex. A. On review of the billing record the undersigned finds the number of hours expended reasonable.

### c. Costs

Petitioner requests $3,257.14 in attorneys' costs. Pet. Mot. at 2; Pet. Mot., Ex. A, at 17-18. The requested costs consist primarily of the cost of medical records and the court filing fee. Id. The undersigned finds the requested costs reasonable.

## II. Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $29,199.64 reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

1) **A lump sum of $29,199.64, payable jointly to petitioner and petitioner's counsel, Paul R. Brazil, of Muller Brazil, LLP, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                **s/Thomas L. Gowen**
                                                Thomas L. Gowen
                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.